IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRADEWINDS TOWING LLC, § § Plaintiff, § § v. § § SAPURA ENERGY DMCC, § § Defendant, § § and § § STANDARD CHARTERED BANK, § § Garnishee. § | Case No. 3:23-cv-01093-L-BT |

## ORDER

Before the Court in this admiralty dispute is Plaintiff TradeWinds Towing LLC's (TradeWinds) Motion for Order for Issue of Process of Maritime Attachment and Garnishment (ECF No. 5). The District Judge referred this matter to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. Order (ECF No. 12). The Court, finding all the requirements for a Supplement Rule B Maritime Writ of Attachment and Garnishment have been met, **GRANTS** the Motion.

Supplemental Rule B provides that:

(a) If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process.

1

> (b)  The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order.

Fed. R. Civ. P. Supp. R. B(1)(a)-(b). Therefore, required conditions for issuance of a maritime writ of attachment are that a plaintiff must plead that (1) it has a prima facie maritime claim to invoke Supplemental Rule B procedures, (2) the defendant must not be found within the district when the verified complaint is filed, and (3) that the defendant's alleged property is "tangible or intangible personal property." *See id.*; *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 66 (2d Cir. 2009).

TradeWinds filed its Verified Complaint which alleges that Defendant Sapura Energy DMCC (Sapura) failed to pay TradeWinds after TradeWinds completed a contractual agreement to participate in marine construction through "transporting one or more barges which TradeWinds chartered, to and from the Sapura marine construction project." Compl. 4 (ECF No. 1). Tradewinds avers that Sapura is a Dubai-based company and cannot be found within the Northern District of Texas. Compl. 3. Finally, TradeWinds seeks to garnish assets that it states, based on information and belief, include bank accounts held with Garnishee Standard Chartered Bank. Compl. 3, 5. Accordingly, it appears that the conditions

of Rule B exist, and TradeWinds is entitled for an issuance of process for maritime attachment and garnishment up to the amount for which it has sued Sapura.

The Court **ORDERS** that the Clerk of this Court is authorized to issue the Process of Maritime Attachment and Garnishment against all assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant Sapura Energy DMCC including, but not limited to any such assets as may be in possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, assets held by or at Garnishee Standard Chartered Bank, and said Order being equally applicable with respect to the issuance and service of additional Writs of Maritime Attachment and Garnishment upon any garnishees in this District not named herein, in an amount up to and including **$836,193.66** pursuant to Rule B of the Supplemental Rules; further,

The Court **ORDERS** that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which Plaintiff shall be required to show why the garnishment should not be vacated or other relief granted; further,

The Court **ORDERS** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; further,

The Court **ORDERS** that service on any garnishee must be in accordance with Federal Rule of Civil Procedure 4 and is deemed continuous throughout the day from the time of such service through the opening of the garnishee's business the next business day; further,

The Court **ORDERS** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by other means; further,

The Court **ORDERS** that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment; further,

The Court **ORDERS** that to afford an opportunity for an expeditious hearing of any objections which might be raised by Defendant, or any Garnishee, a hearing may be set by filing a motion seeking such relief.

**SO ORDERED.**

May 31, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE